## COOK v HUNTER

Ohio Appeals, 9th Dist, Summit Co

No 2579.   Decided July 10, 1935

E. Guy Hammond, Akron, for plaintiff in error.

Naef & McIntosh, Akron, for defendant in error.

NICHOLS, J, (7th Dist) sitting by designation in place of WASHBURN, J.

## OPINION

By NICHOLS, J.

Error is prosecuted to this court upon the sole ground that the trial court erred in sustaining the motion of defendant for a directed verdict, that being the only ground alleged in plaintiff's motion for a new trial.

It must be conceded that if, from plaintiff's evidence, reasonable minds can reach no conclusion except in favor of the defendant, it is error for the trial court to overrule the defendant's motion for a directed verdict.

Metropolitan Life Ins. Co. v Huff, 126 Oh St 469 (Hamden Lodge v Ohio Fuel Gas Co., 127 Oh St 469, approved and followed).

In determining whether the motion of defendant for a directed verdict in his favor, at the conclusion of plaintiff's evidence, should have been sustained, this evidence must be given that construction most favorable to the plaintiff.

Hamden Lodge v Ohio Fuel Gas Co, 127 Oh St 469.

It is contended here by defendant in er-

ror that, in construing this evidence, the trial court was required to disregard the fact that a traffic light was located at the intersection of these two roads, because the plaintiff failed to offer proof that such light was erected and maintained by and with the consent and approval of the director of highways, as provided in §6906, GC, and we are cited to the decision of this Court of Appeals in the case of Albrecht Grocery Co. v Overfield, 32 Oh Ap 512 (7 Abs 355), wherein this court, on page 517, speaking with reference to certain stop signs erected at street intersections in the city of Akron, in the absence of a municipal ordinance cr·resolution establishing additional main thoroughfares, used the following language:

"Signs so erected do not have any legal effect whatever, and no one is required to pay any attention to them."

We are now constrained to assert that this quoted language was unfortunate. It has always been permissible to show all the conditions, facts and circumstances surrounding the location of a collision of this character, in determining whether the respective parties, in view of these conditions, facts and circumstances, acted as ordinarily prudent persons would act under like conditions, facts and circumstances, and were therefore guilty of negligence or contributory negligence, directly and proximately producing the collision and injury, although a criminal conviction could not be based upon a failure to observe a stop sign or traffic light not erected and maintained by authority of law. The warning effect of the traffic signal erected at the intersection of the roads where the collision occurred which gives rise to the instant action, was in no way lessened or increased by the obtaining or failing to obtain the consent and approval of the highway director to erect and maintain the same. We expressly disapprove that portion of the language used by this court on page 517 in the opinion in the case of Albrecht Grocery Co. v Overfield, supra, to-wit: "and no one is required to pay any attention to them."

However, in the instant case we may well assume that the traffic light in question was a legal traffic light, and that the plaintiff was not required to offer proof that the highway director had consented to the erection and maintenance thereof, for the reason that the answer of the defendant specifically admitted "that at said intersection there is a traffic light showing green and red, as signals to control traffic" (black face ours), and at the trial no objection was made by defendant to evidence of the location and operation of this traffic light. It being thus admitted by defendant that this traffic light was there showing red and green as signals to control traffic, it was the duty of the trial court, in disposing of the motion for a directed verdict, to give to the evidence of plaintiff, and the admissions of defendant, the construction most favorable to plaihtiff, in determining the action of the parties with reference to this traffic light, as well as all other facts and circumstances properly admitted on behalf of plaintiff.

A construction of this evidence most favorable to plaintiff would, however, require the court to find that the defendant, at said time and place, was entitled to the right of way over plaintiff, providing defendant was then operating his motor vehicle in a lawful manner.

Morris v Bloomgren, 127 Oh St 147.

If defendant's vehicle was "not proceeding in a lawful manner in approaching or crossing the intersection, but is proceeding in violation of a law or ordinance, such vehicle loses its preferential status and the relative obligations of the drivers of the converging vehicles are governed by the rules of the common law."

Morris v Bloomgren, supra.

In determining the question here involved, we must, then, determine first whether the defendant actually had the right of way, or had forfeited it by operating his vehicle in an unlawful manner.

A speed exceeding 45 miles an hour is presumptively unlawful. Giving plaintiff's evidence the construction most favorable to him, we must conclude that the defendant forfeited his right of way by operating his vehicle at a speed of 50 miles an hour as he approached said intersection, and therefore the drivers of the converging vehicles were governed by the rules of the common law. Further giving to plaintiff's evidence the construction most favorable to him, it must be concluded that the plaintiff entered said intersection under favor of the green signal of said traffic light; that plaintiff entered said intersection before the defendant entered it; that the traffic light was red against defendant when he entered the intersection; and that the plaintiff was driving at a lawful rate of speed, to-wit, 15 miles an hour.

The plaintiff's evidence being to the effect that the defendant's car skidded on the dry road a distance of 78 feet before it collided with plaintiff's vehicle, and that

484

defendant's car skidded the further distance of 33 feet after striking plaintiff's automobile, pushing plaintiff's Ford ahead of it, reasonable minds might conclude that defendant, at said time and place, did not have his automobile under reasonable control and was driving the same at a very high and dangerous rate of speed, without regard for the safety of others lawfully using the highway, and without having the same under such control that he could stop within the assured clear distance ahead.

Giving to plaintiff's evidence the construction required, we believe that reasonable minds could conclude that plaintiff was not guilty of negligence causing or contributing directly and proximately to his injury.

The plaintiff below was not required to anticipate that defendant, in approaching this intersection, would violate the law. Clearly, we hold, this was not a situation where reasonable minds could come to but one conclusion, and that adverse to the plaintiff. The evidence in this case, construed most favorably to plaintiff, presents a much stronger case than shown in the case of—

Trentman v Cox, 118 Oh St 247—
to which we refer.

"2. It is prejudicial error for a trial court to direct a verdict in favor of the defendant at the conclusion of the plaintiff's evidence when reasonable minds might conclude that such evidence establishes all the essential elements of the plaintiff's case."

Leonard v Kreider, a minor, 128 Oh St 267.

It therefore follows that the trial court erred in directing a verdict for the plaintiff at the conclusion of plaintiff's evidence, to the prejudice of the plaintiff, and that the judgment of the trial court must be reversed and this cause remanded to the Common Pleas Court for further proceedings according to law.

Judgment reversed and cause remanded.

STEVENS, J, concurs.
FUNK, PJ, concurs in judgment.

CONCURRING OPINION

By FUNK, PJ.

I concur in the reversal of the judgment herein, but believe that it is unnecessary to either approve or disapprove certain language used in the case of Albrecht Grocery Co. v Overfield, 32 Oh Ap 512, (7 Abs 355) in arriving at said decision in the instant case.

It will be noted that the answer not only admits that there was a traffic light at said intersection "showing green and red as signals to control traffic," but that it contains no allegation that said traffic light was not duly authorized at said intersection, and that it also sets up the defense of sole negligence of plaintiff, and as a part of such defense alleges that plaintiff's injuries "were caused wholly and solely by the negligence of plaintiff, in that he" did not obey the signals of said traffic light and "drive his automobile into said intersection when the traffic light showed red" against him.

Under such allegations in the answer, and in the absence of any evidence on the subject, I believe it must be assumed that said traffic light was legally erected; at least, defendant surely cannot allege negligence on the part of plaintiff for not obeying the signals of said light, and then claim that defendant was not required to obey said signals because there was no proof that said light was legally erected, and that plaintiff should fail because he did not adduce evidence to show that it was legally erected.

It is thus apparent that the situation in the instant case is entirely different than was the situation in the Albrecht Grocery Co. case; and that is the reason why I believe it is unnecessary in the instant case to consider the approval or disapproval of any language used in the Albrecht Grocery Co. case.